UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-                        **MEMORANDUM AND ORDER**
                                          Case No. 11-CR-186

THOMAS HARRIS,

            Defendant.
---------------------------------------------------x

*Appearances:*
*For the United States:*                  *For the Defendant:*
MICHAEL W. GIBALDI            KANNAN SUNDARAM
Assistant United States Attorney    Federal Defenders of New York
Eastern District of New York        One Pierrepont Plaza, 16th Floor
271 Cadman Plaza East              Brooklyn, New York 11201
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Thomas Harris moves, pursuant 28 U.S.C. § 2255, to vacate part of his conviction and sentence. For the following reasons, the motion is denied.

**I**

Harris pleaded guilty to conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to 84 months on each count, to run consecutively. His § 2255 motion addresses only his § 924(c) conviction.

Section 924(c) defines "crime of violence" as a felony that *either* "has as an

1

element the use, attempted use, or threatened use of physical force against the person or property of another," *id.* § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B). Subparagraph (A) is generally known as the "Elements Clause," subparagraph (B) as the "Residual Clause."

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held that the similarly worded residual clause of the Armed Career Criminal Act was unconstitutionally vague. *See id.* at 606. It later held that *Johnson* was a "substantive decision and so has retroactive effect under *Teague* [*v. Lane*, 489 U.S. 288 (1989)] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

At the government's behest, the present motion was held in abeyance pending an authoritative decision as to whether *Johnson* applied equally to § 924(c)'s Residual Clause. That decision came in 2019: "We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Shortly thereafter, the Second Circuit held that *Davis* compelled the further conclusion that conspiring to commit a Hobbs Act robbery is not categorically a crime of violence under the Elements Clause. *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) ("Having given that consideration [to *Davis*], we now vacate Barrett's Count Two § 924(c) conviction for using a firearm

2

in committing Hobbs Act robbery conspiracy.").

## II

Thus, it is now beyond dispute that Harris's conspiracy was not a crime of violence under either the Elements Clause or the Residual Clause. The government argues that his § 924(c) conviction and sentence can nevertheless stand because his guilty plea established the necessary proof, not only of conspiring to commit a Hobbs Act robbery, but also of robbery and attempted robbery. Both are unquestionably crimes of violence under the Elements Clause. *See United States v. McCoy*, 995 F.3d 32, 53-57 (2d Cir. 2021).

The § 924(c) charge was embodied in Count Four of the Superseding Indictment. It charged that Harris brandished one or more firearms in furtherance of one of more crimes of violence, "to wit: the crimes charged in Counts One, Two and Three." Superseding Indictment at 3. Count One charged the aforementioned robbery conspiracy, Count Two charged an attempted robbery, and Count Three charged a completed robbery.

At the plea proceeding, however, the Court explained that "[w]e're not dealing with [Counts] two and three any more." Tr. of Jan. 25, 2013, at 26. Accordingly, it asked Harris for his plea as to whether he "knowingly and intentionally possessed firearms in furtherance *of the crimes to which you pled in Count 1 only.*" *Id.* (emphasis added). Harris responded, "Guilty." *Id.* at 27.

3

Thus, while the § 924(c) count charged that firearms were brandished in connection with robbery conspiracy, attempted robbery, and robbery, Harris pleaded guilty only to the first of those as the underlying crime of violence.

That does not end the inquiry, though, because "§ 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015). Paragraph 2 of the plea agreement lists six robberies and two attempted robberies (along with possession of a firearm and narcotics). "Robbery #7 (Attempt)" corresponds to Count Two; "Robbery 8" corresponds to Count Three.

Although those crimes were included in the agreement as part of the government's estimate of Harris's sentencing exposure, they were also incorporated into his allocution, which took the form of the following colloquy:

> THE COURT: So do you agree that you entered into a conspiracy to commit all these robberies and all the other crimes as set forth in paragraph two of the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: *And with respect to the gun charge, Count 4, that you carried a weapon or weapons in connection with those crimes that I just referred to.* Correct?
>
> THE DEFENDANT: Yes.

*Id.* at 28-29 (emphasis added).

4

In sum, Harris's formal plea of guilty did not include robbery and attempted robbery as predicate crimes of violence, but his subsequent allocution did. Therefore, *Davis* and *Barrett* are immaterial to his § 924(c) conviction and sentence.[1]

### III

Harris's § 2255 motion is denied. Because he has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 28, 2021

---

[1] As a result of the Court's holding on this issue, it need not address the government's alternative argument that the appeal waiver in the plea agreement bars Harris' claim.